UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA EUGENE,

   Plaintiff,

v.                                    Case No.: 2:24-cv-944-SPC-KCD

CIOX HEALTH LLC,

   Defendant.
                                          /

# ORDER

Before the Court is Defendant Ciox Health LLC's Motion to Compel Arbitration. (Doc. 10.)[1] Plaintiff Veronica Eugene did not respond, so the Court treats the matter as unopposed. *See* Local Rule 3.01(c). For the reasons below, Ciox's motion is granted, and this dispute is ordered to arbitration.

Eugene is suing Ciox, her former employer, for unlawful discrimination. (Doc. 1-1.) Eugene's onboarding paperwork contained an arbitration agreement. (Doc. 10-1.) It states, among other things, that "covered claims" must be resolved through binding arbitration if not resolved internally. (*Id.*) The term "covered claims" includes allegations of discrimination. (*Id.* at 15.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] The Court uses the pagination from its electronic filing system for ease of reference.

Arbitration is simply a matter of contract. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Given arbitration requires consent, a court presented with a motion to compel arbitration must assess three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *See Abellard v. Wells Fargo Bank, N.A.*, No. 19-CV-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019). "The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010).

Eugene does not deny that she signed the arbitration agreement. Nor does she claim that arbitration was waived or that her claims fall outside the agreement. Indeed, Eugene did not respond to the motion. So the Court finds that this discrimination case should go to arbitration consistent with the plain language of the parties' agreement.

Having found that arbitration is appropriate, there is the lingering question of what should happen with the case. Ciox moves to dismiss, or alternatively, enter a stay. "The Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action." *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-CV-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014). Accordingly, the Court will follow suit.

It is thus **ORDERED**[3]:

1. Defendant's Motion to Compel Arbitration (Doc. 10) is **GRANTED**. The parties are directed to arbitrate this case promptly in accordance with their agreement.

2. The clerk is directed to add a stay flag to the docket. This case will remain **STAYED** until the parties advise the Court that (1) arbitration has been completed and (2) the stay should be lifted, or the case should be dismissed.

3. The parties must notify the Court of the above within seven (7) days of the arbitration concluding. The parties are otherwise directed to file a joint report on the status of arbitration on February 19, 2025, and every ninety (90) days after until arbitration concludes.

**ENTERED** in Fort Myers, Florida on November 22, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[3] Because a motion to compel arbitration does not address the merits of the dispute but merely changes the forum, it is a non-dispositive matter that does not require a report and recommendation. *See Soriano v. Experian Info. Sols., Inc.*, No. 2:22-CV-197-SPC-KCD, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022).